IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH

| | |
|---|---|
| BRITT J. HAWKER,<br><br>             Plaintiff,<br><br>v.<br><br>CAROLYN W. COLVIN, Acting Commissioner of Social Security,<br><br>             Defendant. | MEMORANDUM DECISION AND ORDER ADOPTING IN PART MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION<br><br><br>Case No. 2:13-CV-383 TS<br><br>District Judge Ted Stewart |

Plaintiff filed her Complaint on May 31, 2013.[1] This matter was subsequently referred to the Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B).[2] The Magistrate Judge issued her Report and Recommendation on February 4, 2015, recommending the Court remand the Commissioner's decision.[3] This matter is before the Court for consideration of that Report and Recommendation.

The Magistrate Judge recommended that this case be remanded: (1) for the Administrative Law Judge ("ALJ") to obtain clarification from the vocational expert ("VE") on a potential conflict between his testimony and the Dictionary of Occupational Titles ("DOT"); (2) because the ALJ failed to properly evaluate the opinion of Dr. McDonald; and (3) because the ALJ should have ordered a psychological evaluation.

Defendant has objected to each of the Magistrate Judge's findings. Plaintiff also objects to certain of the Magistrate Judge's findings. However, Plaintiff states that she "is content with a

---

[1] Docket No. 3.

[2] Docket No. 16.

[3] Docket No. 24.

remand on the bases found by the Magistrate [Judge].  If the decision is made to not accept the Recommendation to remand, it is requested the errors alleged by the plaintiff be reviewed."[4]  Because the Court agrees that remand is necessary, the Court will not address Plaintiff's objections.

## I.  STANDARD OF REVIEW

Pursuant to 28 U.S.C. § 636(b), a party has 14 days from their receipt of the Report and Recommendation to file an objection.  Both parties have filed objections to the Magistrate Judge's Report and Recommendation.  As the parties have objected, the Court reviews the Report and Recommendation de novo.[5]

> In order to conduct a de novo review a court "should make an independent determination of the issues . . . ; [it] 'is not to give any special weight to the [prior] determination' . . . ."  "The district judge is free to follow [a magistrate judge's recommendation] or wholly to ignore it, or, if he is not satisfied, he may conduct the review in whole or in part anew."[6]

## II.  BACKGROUND

Neither party has objected to the Magistrate Judge's discussion of the factual and procedural history.[7]  Therefore, the Court adopts that statement in whole and need not repeat it here.

---

[4] Docket No. 27, at 10.

[5] 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3).

[6] *Ocelot Oil Corp. v. Sparrow Indus.*, 847 F.2d 1458, 1464 (10th Cir. 1988) (quoting *United States v. First City Nat'l Bank*, 386 U.S. 361, 368, (1967); *Mathews v. Weber*, 423 U.S. 261, 271 (1976)).

[7] Docket No. 24, at 2–6.

III.  DISCUSSION

A.   VOCATIONAL EXPERT TESTIMONY

The Magistrate Judge first recommends that this matter be remanded for the ALJ to address an unresolved conflict between the testimony of the vocational expert and the DOT.

In pertinent part, the ALJ's residual functional capacity ("RFC") included the following limitations: "Language 2" and that Plaintiff work at a low stress level, including working with the general public only occasionally.[8] In response to a hypothetical question from the ALJ, which included the restriction that the person work with the general public only occasionally, the vocational expert identified three jobs: election clerk, call out operator, and surveillance system monitor. The vocational expert testified that those numbers had been reduced based on the hypothetical.[9] In response to a second hypothetical question, which included the Language 2 limitation, the vocational expert testified that the changes in the hypothetical would not affect his opinion.[10] After questioning from Plaintiff's attorney, the ALJ noted that the vocational expert had "departed a bit from the DOT" and asked the basis for his departure.[11] In response, the vocational expert stated that the basis for his departure was "[s]imply experience as a vocation rehabilitation counselor."[12]

Plaintiff argues that there are apparent conflicts between the vocational expert's testimony and the DOT. Specifically, Plaintiff points out that the jobs of surveillance system

---

[8] R. at 28.
[9] *Id.* at 72.
[10] *Id.*
[11] *Id.* at 77.
[12] *Id.*

3

monitor and call out operator have a Language requirement of 3, and that the election clerk position requires more than working with the general public only occasionally. Because the ALJ failed to elicit a reasonable explanation for these conflicts, the Magistrate Judge recommends remand for further clarification.

The Court disagrees that remand is necessary on this point. "[B]efore an ALJ may rely on expert vocational evidence as substantial evidence to support a determination of nondisability, the ALJ must ask the expert how his or her testimony as to the exertional [and nonexertional] requirement of identified jobs corresponds with the Dictionary of Occupational Titles, and elicit a reasonable explanation for any discrepancy on this point."[13] A vocational expert's experience may be a reasonable explanation for a conflict between the expert's testimony and the DOT.[14]

In this case, the ALJ posed a hypothetical question to the vocational expert that contained the relevant RFC limitations. The vocational expert identified three occupations that the hypothetical individual could perform. The vocational expert testified that the numbers were reduced based on the hypothetical.[15] In addition, the vocational expert later testified that his testimony departed from the DOT, but that this departure was based on his experience.[16] While

---

[13] *Hackett v. Barnhart*, 395 F.3d 1168, 1175 (10th Cir. 2005) (quotation marks omitted).

[14] *See* SSR 00–4p, 2000 WL 1898704, at *2 (December 4, 2000) (stating that "[i]nformation about a particular job's requirements or about occupations not listed in the DOT may be available in other reliable publications, information obtained directly from employers, or from a VE's or VS's experience in job placement or career counseling"); *see also Rogers v. Astrue*, 312 F. App'x 138, 142 (10th Cir.2009) ("Because the VE testified that, on the basis of his professional experience, 11,000 sedentary hand packager jobs existed in the national economy, the apparent conflict between the DOT and the VE's testimony regarding the job's exertional requirement was reasonably explained, and the ALJ could rely on that testimony as substantial evidence to support her determination of nondisability.").

[15] R. at 72.

[16] *Id.* at 77.

the ALJ's questioning on this point could have been clearer, the Court finds that the ALJ fulfilled his required duties.

      In his decision, the ALJ stated,

> The vocational expert was asked whether any of his testimony conflicted with the information contained in the Dictionary of Occupational Titles (DOT). The vocational expert testified that the DOT does not specifically discuss the need to change positions (the sit/stand option) nor does it mention all of the other limitations noted in the residual functional capacity. However, he explained that his education and study of these jobs, and his years of experience in observing and placing clients in these or similar jobs, as they are actually performed in the national economy, revealed that such jobs do allow for the sit/stand option, as well as the other elements of the hypothetical, in the reduced numbers. The undersigned also finds that the statistical figures provided by the vocational expert were well-supported by various statistical sources including the Bureau of Labor Statistics figures, and by the vocational expert's experience, research and knowledge. No contrary evidence has been presented. The vocational expert's opinion is therefore found to be acceptable expert opinion evidence, and as containing appropriate departures from the text of the DOT.[17]

Based upon this, the Court finds that the vocational expert sufficiently resolved the conflict between his testimony and the DOT. Therefore, the ALJ could rely on the vocational expert's testimony and remand is not required for further clarification.

B.    DR. McDONALD'S OPINION

      The Magistrate Judge next recommends this case be remanded because the ALJ did not specifically evaluate Dr. McDonald's opinion. It is undisputed that the ALJ referenced Dr. McDonald's evaluation of Plaintiff.[18] However, it is also undisputed that the ALJ did not specifically evaluate Dr. McDonald's opinion.

---

[17] *Id.* at 35 (citation omitted).

[18] *Id.* at 30.

An ALJ must review every medical opinion.[19] In reviewing the opinions of treating sources, the ALJ must engage in a sequential analysis.[20] First, the ALJ must consider whether the opinion is well-supported by medically acceptable clinical and laboratory techniques.[21] If the ALJ finds that the opinion is well-supported, then he must confirm that the opinion is consistent with other substantial evidence in the record.[22] If these conditions are not met, the treating physician's opinion is not entitled to controlling weight.[23]

This does not end the analysis, however. Even if a physician's opinion is not entitled to controlling weight, that opinion must still be evaluated using certain factors.[24] Those factors include:

> (1) the length of the treatment relationship and the frequency of examination; (2) the nature and extent of the treatment relationship, including the treatment provided and the kind of examination or testing performed; (3) the degree to which the physician's opinion is supported by relevant evidence; (4) consistency between the opinion and the record as a whole; (5) whether or not the physician is a specialist in the area upon which an opinion is rendered; and (6) other factors brought to the ALJ's attention which tend to support or contradict the opinion.[25]

After considering these factors, the ALJ must give good reasons for the weight he ultimately assigns the opinion.[26] If the ALJ rejects the opinion completely, he must give specific, legitimate reasons for doing so.[27]

---

[19] 20 C.F.R. §§ 404.1527(c), 416.927(c).

[20] *Watkins v. Barnhart*, 350 F.3d 1297, 1300 (10th Cir. 2003).

[21] *Id.*

[22] *Id.*

[23] *Id.*

[24] *Id.*

[25] *Id.* at 1301 (quoting *Drapeau v. Massanri*, 255 F.3d 1211, 1213 (10th Cir. 2001)).

[26] *Id.*

The ALJ did not engage in the required analysis with regard to Dr. McDonald. Defendant argues that remand is not required because the ALJ did specifically reference Dr. McDonald's evaluation of Plaintiff and accounted for Dr. McDonald's opinion in his determination of Plaintiff's residual functional capacity.  Therefore, Defendant argues that any error is harmless.

"[A]n ALJ's failure to weigh a medical opinion involves harmless error if there is no inconsistency between the opinion and the ALJ's assessment of residual functional capacity."[28] In this case, it is true that the ALJ referenced Dr. McDonald's evaluation and provided certain limits in the RFC determination to account for Plaintiff's impairments.  However, the Court is unable to determine whether the ALJ would have placed any greater restrictions upon Plaintiff in light of Dr. McDonald's evaluation.  Without the proper analysis of Dr. McDonald's opinion, the Court cannot meaningfully review the ALJ's decision.  Therefore, the Court will adopt the Magistrate Judge's recommendation to remand this matter for further proceedings with respect to Dr. McDonald's opinion.

C.     PSYCHOLOGICAL EVALUATION

The Magistrate Judge next found that the ALJ erred by failing to order a consultative psychological evaluation.  Although "the Secretary has broad latitude in ordering consultative examinations,"[29] the Court believes the record evidences establishes that a consultative psychological evaluation would assist the ALJ in determining the existence and extent of the alleged disability and orders a consultative exam on remand.

---

[27] *Id.*

[28] *Mays v. Colvin*, 739 F.3d 569, 578–79 (10th Cir. 2014).

[29] *Hawkins v. Chater*, 113 F.3d 1162, 1166 (10th Cir. 1997).

### III.  CONCLUSION

It is therefore

ORDERED that the Magistrate Judge's Report and Recommendation (Docket No. 24) is ADOPTED IN PART as set forth above.  It is further

ORDERED that the ALJ's decision is REVERSED AND REMANDED pursuant to sentence four of 42 U.S.C. § 405(g) for the purposes of conducting additional proceedings as set forth herein.

The Clerk of Court shall enter judgment remanding this case and shall close this case forthwith

DATED this 17th day of March, 2015.

BY THE COURT:

Ted Stewart
United States District Judge